UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Mar 07, 2013

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BROWN, DANIEL DUANE, | ) | Case No. 12-10619-R |
| | ) | Chapter 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| STUART C. IRBY CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 12-1042-R |
| | ) | |
| DANIEL DUANE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING LEAVE TO AMEND
## ANSWER TO FIRST AMENDED COMPLAINT

Before the Court is the Motion for Leave to Amend Answer to First Amended Complaint ("Motion") filed by Debtor and Defendant Daniel Duane Brown ("Debtor") on February 1, 2013 (Doc. 44), and the Response to Brown's Motion for Leave to Amend Answer to First Amended Complaint ("Response") filed by Creditor and Plaintiff Stuart C. Irby Co. ("Creditor") on February 13, 2013 (Doc. 46).

Debtor seeks to amend his answer to Creditor's First Amended Complaint to correct a scrivener's error and to assert that Creditor's claim under 11 U.S.C. § 523(a)(2)[1] is barred by the statute of limitations. Creditor objects, contending that the "deadline" for amending pleadings has expired, and that Debtor has not stated good cause to amend the scheduling order. In addition, Creditor claims that amendment would be futile.

---

[1] Unless otherwise noted, all statutory references herein are to sections of Title 11 of the United States Code.

**Findings of Fact**

On June 11, 2012, Creditor commenced this adversary proceeding by filing a Complaint seeking a declaration that a debt owed to Creditor is excepted from discharge under § 523(a)(4). Specifically, Creditor alleged (1) that Debtor failed to pay Creditor for building materials and supplies from payments Debtor collected for his work on construction projects into which he incorporated such the materials and supplies, (2) that Oklahoma law provides that contractors are required to hold funds payable under any building contract in trust for payment of, among other things, claims of the vendors of such materials and supplies, and (3) that Debtor breached his fiduciary duty by diverting trust funds to purposes other than payment of Creditor's claim. The Complaint was served on Debtor on November 4, 2012. On December 3, 2012, Debtor timely filed an answer to the Complaint.

On December 4, 2012, Creditor filed its First Amended Complaint. In it, Creditor seeks a declaration that the debt owed to Creditor is excepted from discharge under §523(a)(2). Creditor alleged that Debtor misrepresented the status of the title to property on which he granted Creditor a mortgage to secure payment of a promissory note and future indebtedness incurred pursuant to a credit agreement. Creditor also added five state law claims and restated its original claim to except its claim from discharge on account of trust fund misapplication under § 523(a)(4).

On December 28, 2012, Debtor filed his Answer to First Amended Complaint ("Answer") (Doc. 35). In it, Debtor mistakenly admitted the truth of paragraph 6 of the First Amended Complaint, which states the following legal conclusion: "Pursuant to 11 U.S.C.A.

§ 523(a)(2), [Debtor's] debts to [Creditor] are not subject to discharge." A fair reading of the entire Answer, as well as other pleadings in the record, however, clearly conveys Debtor's intention to oppose Creditor's claims to except the debt from discharge under both § 523(a)(2) and (a)(4).

In the Answer, Debtor also asserted three affirmative defenses, including the failure to state a claim for relief. Answer at ¶ 39. Debtor did not specifically assert his statute of limitations defense in the Answer. Debtor did, however, "reserve[] the right to amend this answer to assert additional defenses as discovery is conducted in this case." Id. at ¶ 40.

On January 2, 2013, the parties filed a Joint Report and Discovery Plan ("Joint Report") (Doc. 36). In it, the parties reported to the Court that, among other things, (1) Debtor "denies this Court has jurisdiction to adjudicate the claims alleged pursuant to § 523(a)(2) because such claims were not timely filed pursuant to Fed. R. Bankr. P. 4004(a)" (Joint Report at 2);[2] (2) Debtor is asserting, as an affirmative defense, that "[a]ll claims for relief pursuant to § 523(a)(2) were not timely filed" (Id. at 9); and (3) Debtor contends that a disputed question of law in the case is whether "claims pursuant to § 523(a)(2) [are] untimely and therefore subject to dismissal" (Id. at 18). The parties also proposed certain scheduling deadlines, including a deadline of January 15, 2013, to amend the pleadings. Id. at 18-19.

---

[2]Bankruptcy Rule 4004(a) fixes the time in which a party must file a complaint seeking denial of the discharge under § 727. Bankruptcy Rule 4007(c) establishes the deadline for filing a complaint to determine dischargeability of a particular debt under § 523. Under both rules, however, the complaint must be filed "no later than 60 days after the first date set for the meeting of creditors."

3

On January 10, 2013, Debtor filed a Motion for Partial Judgment on the Pleadings ("Dispositive Motion") (Doc. 38), seeking dismissal of Creditor's § 523(a)(2) claim because it was not filed within the time allowed for filing such claims under Bankruptcy Rule 4007.

On January 16, 2013, the Court held a telephonic scheduling conference, and entered a scheduling order establishing deadlines for completion of discovery, the submission of an agreed pretrial order, and the exchange of trial exhibits and witness lists (Docs. 39, 40). The order did not establish a deadline for amending the pleadings.

On January 31, 2013, Creditor filed its Response to Motion for Partial Judgment on the Pleadings ("Response to Dispositive Motion") (Doc. 43), raising, for the first time, the argument that Debtor waived his statute of limitations defense by (1) admitting paragraph 6 of the First Amended Complaint and (2) failing to plead the statute of limitations as an affirmative defense in the Answer.

On February 1, 2013, Debtor promptly sought leave to amend his Answer to correct the scrivener's error and to formally assert his statute of limitations defense.

**Conclusions of law**

Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable to this proceeding by virtue of Bankruptcy Rule 7015, provides that a party may amend a pleading with consent of the opposing party or by obtaining leave of the court, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although granting leave is discretionary, courts "'may withhold leave to amend only for reasons such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'"'" Cohen v. Longshore, 621 F.3d 1311, 1313 (10th Cir. 2010), *quoting* United States v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009) (*quoting* Foman v. Davis, 371 U.S. 178, 182 (1962)). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006), *quoting* Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982).

Initially, the Court rejects the premise, argued by Creditor, that the Motion should be denied because Debtor did not establish good cause for filing its Motion after the "deadline" for amending the pleadings. Although the parties suggested such a deadline, the Scheduling Order entered in this case did not include one. Because no deadline was established, the good cause standard is inapplicable.

Upon consideration of the applicable law governing the proper exercise of discretion in determining a motion for leave to amend, the Court concludes that Debtor acted in good faith and without undue delay in filing his Motion on February 1, 2013, one day after Creditor filed his Response to Dispositive Motion. It was in that response that Creditor raised for the *first time* its contentions that Debtor "admitted" in his Answer that the debt was non-dischargeable and that Debtor failed to plead his statute of limitations defense. Debtor argues that the "admission," and the omission of the affirmative defense, were inadvertent

5

scrivener's errors, which is borne out by the fact that Debtor's statute of limitations defense is clearly articulated in the Joint Report filed just five days after his Answer.

The Court further finds and concludes that Creditor will not be unduly prejudiced by allowing the amendments because Creditor was, or should have been, fully aware as early as January 2, 2013, that Debtor considered the § 523(a)(2) claim untimely– this assertion appears no fewer than three times in the Joint Report.  Moreover, Debtor elaborated on the factual basis for his statute of limitations defense in the Dispositive Motion filed on January 10, 2013, two weeks after the Answer was filed.  That Creditor has already responded to the Dispositive Motion further substantiates that Creditor will not be surprised or prejudiced by allowing the amendments.

The Court further finds and concludes that the Motion should not be denied as futile. The proposed amendments simply conform Debtor's Answer to the facts and legal contentions that are already at issue in, and have been fully briefed in connection with, the Dispositive Motion.  Whether Debtor's defense has merit will be determined in ruling on that motion, and need not be prejudged in deciding this procedural motion.

**Conclusion**

For the reasons stated herein, the Motion is granted.

**SO ORDERED** this 7th day of March, 2013.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE